[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15910
Non-Argument Calendar

_____

D. C. Docket No. 07-00090-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRI C. STRINGER,
a.k.a. Jerri F. Clinard,
a.k.a. Sensual Creole,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 3, 2008)

Before BIRCH, CARNES  and BARKETT, Circuit Judges.

PER CURIAM:

Jerri C. Stringer appeals her 48-month sentence for conspiracy, exportation, and theft charges. First, because the record does not indicate that the district court believed that it lacked the authority to depart downward, we lack jurisdiction to review the district court's denial of Stringer's request for a downward departure. Second, because Stringer has cited no authority for her assertion, made for the first time on appeal, that U.S.S.G. § 2M5.2 is unconstitutional, the district court did not commit plain error in failing to so hold. Third, because Stringer was an equal partner with her codefendant, the district court did not clearly err in denying her request for a mitigating-role reduction. Accordingly, we AFFIRM.

## I. BACKGROUND

According to the presentence investigation report (PSI), Stringer pled guilty to Counts 1, 13, and 14 of a 21-count superseding indictment, under which she faced 18 counts. Count 1 charged conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, Count 13 charged exportation of stolen property, in violation of 22 U.S.C. § 2778(b)(2), and Count 14 charged theft of government property, in violation of 18 U.S.C. §§ 641, 2. Her son, Leonard Schenk, was indicted on all 21 counts, which included additional counts related to his solicitation to commit murder of a government witness. The counts arose out of a conspiracy in which: (1) Schenk, a staff sergeant in the Air Force Reserves, would

2

steal various pieces of military equipment, including night vision goggles containing components constituting "defense articles" under the Arms Export Control Act, 22 U.S.C. § 2751; and (2) Stringer would travel to the base to pick up the equipment from Schenk, sell it over the internet using her PayPal, eBay, bank, and email accounts, mail it to customers in New Zealand, Germany, and Belgium, and receive payments, sharing in the proceeds of the sales.

The presentence investigation report (PSI) assigned a base offense level of 26, which was reduced by 3 levels, yielding a total offense level of 23. With a criminal history category of I, Stringer's guideline range was 46 to 57 months of imprisonment. Stringer requested a mitigating-role reduction, arguing that, while she allowed her accounts to be used, helped place a few orders, and shipped several packages, her overall role was not significant. Stringer also argued that, based on the nature of the stolen items and the fact that they were sold to individuals in countries friendly to the United States, she was eligible for a downward departure under U.S.S.G. § 2M5.2, and she suggested that an offense level of 14, applicable for certain types of firearms, would be more appropriate.

At sentencing, when asked whether she had anything else to argue, Stringer's counsel stated, "not as to objection[s]," but he noted that § 2M5.2 assumed that the conduct was harmful and provided for a downward departure in

the unusual case where the conduct posed no risk of harm to a security or foreign policy interest of the United States. R4 at 3. He asserted that Stringer was a civilian who was unaware of the nature of the equipment stolen, and who suffered from health and emotional problems. Id. at 3-4. Accordingly, counsel argued that an offense level of 26 was "probably unwarranted." Id. at 4. Stringer stated that she never knew that Schenk was "stealing stuff"or doing anything illegal, or that the equipment that she mailed could hurt anyone, and she never "did anything bad," which the district court stated was inconsistent with a guilty plea. Id. at 6-7. Stringer replied that she mailed "stuff" for Schenk, and allowed him to use her bank account and her name to set up a PayPal account, for which she took responsibility. Id. The government introduced evidence, including emails by Stringer, in which she discussed with Schenk and customers the specifics of sales. It contended that Stringer's claims that she was an ignorant participant were belied by the facts, asserting that she was, in fact, an equal partner in the scheme.

The court stated that her emails countered her claims of ignorance. The court found the PSI to be accurate and imposed 48 months of imprisonment. It found that Stringer was a full participant, who knew that the equipment was stolen from the Air Force, the equipment was critical to the security of the armed forces, and its sale on eBay, in which she fully participated, put those forces in jeopardy.

4

The parties affirmed that they had no objections to the court's ultimate findings of fact or conclusions of law as to the sentence.

## II. <u>DISCUSSION</u>

On appeal, Stringer argues that the district court erred by not granting her request for a downward departure under application note 1 of § 2M5.2. The government asserts that the district court believed that it had the authority to grant a downward departure, and, thus, we lack jurisdiction to review the court's denial.

"We lack jurisdiction to review a district court's decision to deny a downward departure unless the district court incorrectly believed that it lacked authority to grant the departure. " <u>United States v. Dudley</u>, 463 F.3d 1221, 1228 (11th Cir. 2006). A statement by the district court that it does or does not have authority to depart is not required; "when nothing in the record indicates otherwise, we assume the sentencing court understood it had the authority to depart downward." <u>Id.</u> (quotation and citation omitted). Section 2M5.2, the guideline provision concerning exportation of military equipment that was used to determine Stringer's sentence, provides for a base offense level of 26, and application note 1 explains that this level "assumes that the offense conduct was harmful or had the potential to be harmful to a security or foreign policy interest of the United States," and suggests that "[i]n the unusual case where the offense conduct posed no such

5

risk, a downward departure may be warranted."  U.S.S.G. § 2M5.2 & comment. (n.1).  There is no indication in the record that the district court believed that it lacked authority to grant Stringer's request for a downward departure under 2M5.2. Thus, we conclude that the district court believed that it had the authority to depart and, accordingly, we lack jurisdiction to review the district court's denial of the departure request.  See Dudley, 463 F.3d at 1228.

Stringer also argues, for the first time on appeal, that application note 1 to § 2M5.2 unconstitutionally shifts the burden of proof to the defendant because the base offense level for the provision assumes that the conduct was harmful to the interests of the United States.

We review constitutional objections not raised before the district court only for plain error.  United States v. Moriarty, 429 F.3d 1012, 1018 (11th Cir. 2005) (per curiam).  Under this standard, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights.  Id. at 1019.  If these three conditions are met, we may notice the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id. (quotation omitted).  "When neither the Supreme Court nor this Court has resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue."  Id.

Because Stringer cites no authority—and our search reveals none—for her contention that § 2M5.2 impermissibly shifts the burden of proof to the defendant, she has failed to demonstrate any error that was obvious or clear under current law. See Moriarty, 429 F.3d at 1019. Accordingly, she has not demonstrated plain error, and we reject her constitutional challenge to § 2M5.2.

Finally, Stringer asserts that she should have been granted a mitigating-role reduction because Schenk stole the equipment, found people who could assemble it, and "set up the internet websites," while she only shipped a few of the items to Australia and New Zealand, allowed her name and bank accounts to be used for payment, and undertook "some brief internet correspondence with a customer." Appellant's Br. at 9.

A court's finding regarding a defendant's role in the offense is reviewed for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). Because Stringer clearly requested a mitigating-role reduction in her objections to the PSI, we review the district court's denial for clear error, rather than plain error, as requested by the government. "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." DeVaron, 175 F.3d at 939. Pursuant to U.S.S.G. § 3B1.2, a defendant may receive a four-level or two-level reduction in

his base offense level where his role in the offense was minimal or minor, respectively. U.S.S.G. § 3B1.2. The district court's ultimate determination of the defendant's role in the offense should be informed by "the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." De Varon, 175 F.3d at 940. "In making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings . . . [and, s]o long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple statement of the district court's conclusion is sufficient." Id. at 939.

The record indicates that Stringer had full knowledge and was an equal partner with Schenk in the conspiracy. She traveled to the base to receive the equipment from Schenk, used her email, PayPal, eBay, and bank accounts to conduct the transactions, and personally corresponded with and shipped the equipment to individuals in foreign countries. In light of her intimate and complete knowledge of, and participation in, the criminal scheme, the district court did not clearly err in denying her mitigating-role request.

8

### III.  <u>CONCLUSION</u>

For the reasons set forth above, we find no error on the part of the sentencing court and AFFIRM Stringer's sentence.  **AFFIRMED**